

*U.S. Department of Justice*

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (413) 785-0235*        *Federal Building & Courthouse*
*Fax: (413) 785-0394*                   *Main Street, Room 310*
                                        *Springfield, Massachusetts 01103*

August 28, 2007

Vincent A. Bongiorni, Esq.
95 State Street
Springfield, MA 01103

    Re:   United States v. Luis Ramos
           Criminal No. 04-30021-MAP

Dear Attorney Bongiorni:

    In accordance with the government's discovery obligations pursuant to Local Rule 116.1(C) and 116.2(B) and Fed. R. Crim. P. 16(a)(1), I am providing you with the following information and materials:

A.   Discovery Pursuant to Fed.R.Crim.P. 16(a)(1)(A)-(D)

    1.   Statements of the Defendant

    On July 24, 2007, the defendant was arrested in New York City and made statements to members of the USMS which are set forth in the enclosed report. The defendant did not make any other oral statements in response to interrogation by a person the defendant knew was a government agent of which the government is aware. The government is unaware of any other written or recorded statements, other than the tape recordings discussed below, made by the defendant.

    2.   Grand Jury Testimony

    The defendant did not testify before the grand jury.

    3.   Defendant's Prior Record

    A copy of the defendant's criminal record of which the government is aware was provided to you by Pretrial Services at

the arraignment.

    4.    Books, Papers, Documents, and Tangible Objects

The government will make available for inspection and/or copying all of the evidence in its possession, including items seized pursuant to search warrants if any, which it intends to use at trial at a mutually convenient time and place.

    5.    Reports of Examinations and Tests

Copies of the DEA-7's regarding the drug analyses are enclosed. There are no other scientific tests or experiments of which the government is aware. There are no reports of physical or mental examinations of the defendant.

B.    Search Materials

    1.    Search Warrants

None.

    2.    Consent Searches

None.

    3.    Warrantless Searches

None.

C.    Electronic Surveillance

None.

D.    Consensual Interceptions

A cooperating witness (CW) and an undercover agent (UCA) made consensual interceptions of wire and oral communications which were recorded on audio and/or video tape of the defendant regarding the drug deals which the government intends to offer as evidence in its case-in-chief. These tapes are being copied and will soon be available to be picked up upon the signing of a receipt. Most of the conversations are in Spanish. The conversations have not been transcribed/translated.

E.    Unindicted Coconspirators

There is no conspiracy charged in the above referenced

indictment.

F.   Identifications

The undercover agent (UCA) and cooperating witness (CW) were shown photographic arrays of the defendant and others individuals involved in the drug deals as set forth in the enclosed DEA-6's. Copies of the photographic arrays are enclosed.  Also, former DEA task force member Kevin Thomas mis-identified the defendant and others involved in the drug deals as set forth in the enclosed DEA-6's, 7's and 7a's.  The government does not presently intend to call Officer Thomas as a witness.

G.   Exculpatory Evidence

   1.   Within the time period designated in L.R. 116.1(C)(1):

      a.   The government is unaware of any evidence that would tend directly to negate the defendant's guilt concerning any count in the indictment.

      b.   The government is unaware of any evidence that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable under 18 U.S.C. §3731.

      c.   The DEA used a CW early in the investigation.  The CW introduced an undercover Massachusetts State Police trooper (UCA) to Isidro Herrera.  After dealing with Isidro Herrera on several occasions without the CW being present, the UCA began dealing directly with the defendant.  The DEA also interviewed another CW who gave information regarding the defendant's drug dealing.  The government intends to rely upon the testimony of the UCA and the audio and video tape recordings made during the drug deals in its case-in-chief.  The government does not anticipate calling either of the CW's in its case-in-chief and therefore is not providing any information pursuant to L.R. 116.2(B)(1)(c)-(e) regarding these two CW's.  The government is unaware of any  promise, reward or inducement given to any witness the government anticipates calling in its case-in-chief.

      d.   See response to ¶ c above.  The government is

    unaware of any criminal record of any witness it anticipates calling in its case-in-chief.

  e. See response to ¶ c above. The government is unaware of any criminal cases pending against any witness the government anticipates calling in its case-in-chief.

  f. There were no failures to identify the defendant by any percipient witness in this case, however as set forth above former Task Force Agent Kevin Thomas mis-identified the defendant and several other individuals during the investigation and the relevant reports are enclosed.

 Pursuant to L.R. 116.4 the government is making available one copy of the consensual audio and video tape recordings discussed above. The tapes are being copied now and will be available soon. The tapes will be provided to counsel upon the signing of a receipt for the tapes.

 The government requests reciprocal discovery of the defendant as required by L.R. 116.1(D) and F.R.Crim. P. 16(b). Pursuant to F.R.Crim.P. 12.1 the government requests notice of whether the defendant intends to rely upon an alibi defense; pursuant to F.R.Crim.P. 12.2 the government requests notice of whether the defendant intends to rely upon an insanity defense; and pursuant to F.R.Crim.P. 12.3 the government requests notice of whether the defendant intends to rely upon a defense of public authority.

 Please feel free to call me at (413) 785-0235 if you have any questions about the above information.

        Very truly yours,

        MICHAEL J. SULLIVAN
        United States Attorney

      By:

        /s/ Todd E. Newhouse
        TODD E. NEWHOUSE
        Assistant U.S. Attorney

Enclosures
cc: Bethany Healy,
 Courtroom Clerk
 Hon. Kenneth P. Neiman

```
United States Magistrate Judge
(w/o enclosures);
```